June, 16, 2014

# UNITED STATES DISTRICT COURT
## for the
## Southern District of Florida

GEORGE LONGMORE
    Plaintiff,

Case No:  **14-61381-CIV-Scola/Valle**

vs.

MEMORIAL HEALTHCARE SYSTEM
    Defendant.

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT 559.72 AND TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C § 227b**

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C §1692k(d), Fla. Stat. §47.051, and 47 U.S.C. §227(b)(3) and 28 U.S.C §1331. This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367.

2. All conditions precedent to the bringing of this action has been performed.

### PARTIES

3. The Plaintiff in this lawsuit is GEORGE LONGMORE, (hereinafter "Plaintiff") a natural person, who resides in Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

4. The Defendant in this lawsuit is MEMORIAL HEALTHCARE SYSTEM (hereinafter "Memorial") who conducts business in Broward County, FL. and has offices at 3501 Johnson St., Hollywood, FL., 33021and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant is authorized to conduct business in the State of Florida.

6. Defendant regularly uses the telephone for the purpose of collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA.

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## VENUE

10. The occurrences which gave rise to this action occurred in Broward County, FL. and Plaintiff reside in Broward County, FL.

11. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

## FACTUAL ALLEGATIONS

12. There is no established business relationship between Plaintiff and Defendant.

13. Plaintiff has never given Defendant prior expressed consent (written or verbal) to be contacted by the use of automatic telephone dialing equipment.

14. Between January14, 2014 and May 28, 2014 Defendant called Plaintiff at least 4 times using an "automated telephone dialing system" in an attempt to collect a debt.

2

15. In the process of attempting to collect a debt, Defendant left pre recorded voicemails on Plaintiffs phone that indicated that a third person is collecting or attempting to collect a debt.

16. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged "debt" and whether the alleged "debt" was correctly calculated.

17. On May 22, 2014 Defendant received USPS Certified Letter # 7014 0150 0002 1082 0975 which was a "NOTICE OF PENDING LAWSUIT" sent by Plaintiff.

18. On June 2, 2014 Cheryl Boucher, Memorials VP of Revenue Cycle Management responded to Plaintiff s Notice of Pending Lawsuit:

    The correspondence stated: *"I received a copy of your letter today about a notice of a pending lawsuit. I have attached where you have consented to our using your cell phone to contact you. The topic is addressed in Communications. Please feel free to contact me if you have any additional questions."*

19. Plaintiff has never claimed that Defendants collection calls were made to his cell phone.

20. The agreement and release form provided by Defendant contains a signature that is **NOT** Plaintiffs signature.

21. Plaintiff provided Defendant with a copy of his Florida Drivers License which contains his signature.

22. The signature on Defendants Agreement and Release Form and the signature on Plaintiffs Florida Drivers License are not the same.

23. Defendant did not have "Expressed Written Consent" to call Plaintiff using any automatic telephone dialing system or an artificial or prerecorded voice.

3

24. Defendant did not have "Expressed Written Consent" to initiate any telephone call to any residential telephone line using a artificial or prerecorded voice to deliver a message without the prior written consent of the called party.

25. I an effort to negotiate a settlement prior to filing this action Plaintiff provided Defendant with:

   (A) A copy of the TCPA with highlighted parts in support of his claim.

   (B) Recordings of the voicemails made to Plaintiffs phone.

   (C) Transcribed voicemails to further support his claim.

## COLLECTION CALLS

26. From January 14, 2014 until May 28 ,2014 Defendant (MEMORIAL HOSPITAL) willfully and knowingly called Plaintiff (GEORGE LONGMORE) no less than 4 times using a "automatic telephone dialing system" in an attempt to collect this debt, which were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

27. During these calls, Defendant willfully and knowingly left pre recorded voicemails using an "automatic telephone dialing system" on Plaintiff's answering machine no less than 4 times in an attempt to collect a debt:

The pre recorded voicemail messages left on Plaintiffs answering machine state: *"This call is for George Longmore. You can contact one of our customer service representatives at 8665490695. Once again the number to call is 8665490695. Thank you."*

## CAUSES OF ACTION

## COUNT 1

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

4

## 15 U.S.C § 1692e(10)

28. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29. Defendant violated FDCPA 15 U.S.C. § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**Wherefore**, Plaintiff demands judgment against Memorial Healthcare System for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 2

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559.72(7)

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. Defendant violated Florida Consumer Collection Practices ACT (FCCPA) FLA. STAT 559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

**Wherefore**, Plaintiff demands judgment against Memorial Healthcare System for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

5

## COUNT 3

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT
### (TCPA) 47 U.S.C. § 227b(1)(A)

32. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. Defendant violated TCPA 47 U.S.C. § 227b(1)(A) by making a call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

**Wherefore**, Plaintiff demands judgment against Memorial Healthcare System for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 4

### VIOLATION OF TELEPHONE COMSUMER PROTECTION ACT
### (TCPA) 47 U.S.C. § 227b(1)(B)

34. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. Defendant violated TCPA 47 U.S.C. § 227b(1)(B) to initiate any telephone call to any residential telephone line using a artificial or prerecorded voice to deliver a message without the prior written consent of the called party.

**Wherefore**, Plaintiff, George Longmore demands judgment against Defendant, Memorial Healthcare System for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## REQUEST FOR JURY

Plaintiff is entitled and hereby requests a trial by jury

Dated: June 16, 2014

respectfully submitted,

/George Longmore  
*Pro se*  
607 NW 155 Ter.  
Pembroke Pines, Fl, 33028  
(954) 871-1602  
georgelongmore@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 16 day of June, 2014, a true and correct copy of the foregoing

Complaint served to:

Memorial Healthcare Plan  
3501 Johnson St.  
Hollywood FL, 33021  
CASE NO.:

Respectfully submitted,

/s/ George Longmore  
George Longmore *pro se*  
607 NW 155 Ter.  
Pembroke Pines FL, 33028  
(954) 871-1602  
georgelongmore@comcast.net

7